IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| WILLIAM COLLINS,<br>TDCJ No. 2023678,<br><br>  Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN[1], Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>  Respondent. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. 7:18-cv-00132-O-BP<br>§<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a habeas corpus case that was referred to the undersigned automatically pursuant to Special Order 3 on August 28, 2018. ECF No. 3. Petitioner William Collins ("Collins"), an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. Before the Court is Collins's Motion to Stay (ECF No. 41).

After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Collins's Motion to Stay for lack of good cause.

**I.   BACKGROUND**

In his petition, Collins challenges the validity of his state conviction for aggravated assault with a deadly weapon with an enhancement for retaliation, alleging insufficient evidence to show

---

[1] The previously named respondent in this action was Lorie Davis. On August 11, 2020, Bobby Lumpkin succeeded Lorie Davis as Director of the Correctional Institutions Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Bobby Lumpkin "is automatically substituted as a party."

that he acted in retaliation and that he used a deadly weapon.

Collins was convicted of aggravated assault with a deadly weapon and retaliation on April 2, 2015, and he was sentenced to ninety-nine years in prison. ECF No. 1 at 2. He appealed his conviction to the Seventh Court of Appeals, Amarillo, Texas ("COA"), which affirmed. *Collins v. State*, No. 07-15-00180-CR, 2017 WL 1632675 (Tex. App.—Amarillo Apr. 26, 2017). The Texas Court of Criminal Appeals ("TCCA") refused his petition for discretionary review ("PDR") on September 14, 2017. *Collins v. State*, No. PD-0522-17 (Tex. Crim. App. Sept. 13, 2017).

Collins filed a petition for writ of habeas corpus in the Court on August 28, 2018. ECF No. 1. Pursuant to the Court's order (ECF No. 9), the Director filed the administrative record on February 4, 2019 (ECF No. 12), and a response on April 15, 2019. ECF No. 19. On May 1, 2019, Collins filed a motion for stay of his habeas petition (ECF No. 21), which the undersigned denied on February 18, 2020. ECF No. 32. On July 29, 2019, Collins filed a motion for leave to file reply to the Director's response (ECF No. 29), which the undersigned denied in part and granted in part. ECF No. 32. As ordered, Collins filed his Amended Petition on May 18, 2020. ECF No. 38.

II.     **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner must fully exhaust state remedies before seeking federal habeas relief. The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies requires submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the TCCA in a PDR or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

### III.  ANALYSIS

Collins moves for a stay of this proceeding to exhaust his state remedies. *See* ECF No. 41. When a federal petition for writ of habeas corpus contains unexhausted grounds for relief, a federal district court has the discretion to either stay and abate or dismiss the federal action. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). An order to stay proceedings is "an extraordinary remedy that is available only in limited circumstances." *Demery v. Vannoy*, Civil Action No. 5:17-CV-524-P, 2018 WL 75237, at *1 (W.D. La. Feb. 6, 2018) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). In order to grant a stay, there must be "good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See Netter v. Davis*, No. 3:16-CV-2237-K (BH), 2017 WL 4457538, at *2 (N.D. Tex. Sept. 18, 2017), rec. adopted, No. 3:16-CV-2237-K, 2017 WL 4387014 (N.D. Tex. Oct. 3, 2017) (citing *Rhines*, 544 U.S. at 278).

Collins is not entitled to abatement and a stay because he has not demonstrated good cause for failing to fully exhaust his claims in state court. Collins exhausted two claims by PDR: the evidence was insufficient to prove (1) that he acted in retaliation and (2) that he used a deadly weapon. ECF 12-3 at 1. However, Collins then filed a state habeas application raising seventeen grounds for relief, and the TCCA dismissed his writ application for failure to comply with Texas Rule of Appellate Procedure 73.1. ECF No. 12-26 at 152-53. Collins did not thereafter refile his state habeas application in a form that complied with the Texas Rules of Appellate Procedure. Collins has not explained why he did not do so, and he has not shown good cause for failing to do so such that abatement is warranted. Accordingly, he has presented no good reasons why the Court should abate this proceeding so that he can again present his unexhausted claims to the state court. Under these circumstances, he has not demonstrated that is entitled to the extraordinary remedy of

abatement under *Rhines*, and Judge O'Connor should deny his Motion to Stay.

## IV. CONCLUSION

Because Collins has not good cause for why he failed to exhaust his state remedies, Judge O'Connor should **DENY** the Motion for Stay. ECF No. 41.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SIGNED** October 1, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE