IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| WILLIAM COLLINS, <br> TDCJ No. 2023678, <br><br> Petitioner, <br><br> v. <br><br> BOBBY LUMPKIN, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § § <br><br><br> Civil Action No. 7:18-cv-00132-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a habeas corpus case that was referred to the undersigned automatically pursuant to Special Order 3 on August 28, 2018. ECF No. 3. Petitioner William Collins ("Collins"), an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. Before the Court is Collins's Amended Petition for Writ of Habeas Corpus. ECF No. 38.

After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Collins's Amended Petition for Writ of Habeas Corpus. ECF No. 38.

**I.    BACKGROUND**

In his Amended Petition (ECF No. 38), Collins challenges the validity of his state conviction for aggravated assault with a deadly weapon with an enhancement for retaliation, alleging that there is insufficient evidence to support the jury's finding that he acted in retaliation and that he used a deadly weapon.

Collins was convicted of aggravated assault with a deadly weapon and retaliation on April

2, 2015, and he was sentenced to ninety-nine years in prison. ECF No. 1 at 2. He appealed his conviction to the Seventh Court of Appeals, Amarillo, Texas ("COA"), which affirmed. *Collins v. State*, No. 07-15-00180-CR, 2017 WL 1632675 (Tex. App.—Amarillo Apr. 26, 2017). The Texas Court of Criminal Appeals ("TCCA") refused his petition for discretionary review ("PDR") on September 14, 2017. *Collins v. State*, No. PD-0522-17 (Tex. Crim. App. Sept. 13, 2017).

Collins filed a petition for writ of habeas corpus in the Court on August 28, 2018. ECF No. 1. Pursuant to the Court's order (ECF No. 9), the Director filed the administrative record on February 4, 2019 (ECF No. 12), and a response on April 15, 2019. ECF No. 19. On May 1, 2019, Collins filed a motion for stay of his habeas petition (ECF No. 21), which the undersigned denied on February 18, 2020. ECF No. 32. On July 29, 2019, Collins filed a motion for leave to file reply to the Director's response (ECF No. 29), which the undersigned denied in part and granted in part. ECF No. 32. As ordered, Collins filed his Amended Petition on May 18, 2020. ECF No. 38.

## II.    LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides in pertinent part that:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal court may grant a writ of habeas corpus if the state court either arrived at a conclusion opposite to that reached by the Supreme Court on a question

of law or decided a case differently from the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. The standard for determining whether a state court's application was unreasonable is objective. *Id.* at 409-10. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

When ruling on a petition for a writ of habeas corpus, the Court defers to the factual findings of state trial and habeas courts. *Moody v. Quarterman*, 476 F.3d 260, 267-68 (5th Cir. 2007). The state court's determination of a factual issue is presumed to be correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341-42 (2003). This presumption applies not only to explicit findings of fact but also to factual findings implied in explicit conclusions of law. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004) (citing *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson*, 132 F.3d 162, 183-84 (5th Cir. 1997)).

Federal habeas review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). In the context of habeas corpus, "adjudicated on the merits" is a term of art that refers to a state court's disposition of a case on substantive rather than procedural grounds. *See Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997). Federal courts presume that a later, unexplained opinion rests on the same ground as the "last reasoned opinion" on the claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

### III.    ANALYSIS

Collins argues in his Amended Petition that there is insufficient evidence to support the jury's finding that he acted in retaliation and that he used a deadly weapon. *See* ECF Nos. 38 and 39. Under *Jackson v. Virginia*, the correct standard of review when a petitioner challenges the sufficiency of the evidence in a federal habeas corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 320 (1979). "Determining the weight and credibility of the evidence is within the sole province of the jury." *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). Courts view "any required credibility determinations in the light most favorable to the guilty verdict." *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000). They do not "second-guess[ ] the weight or credibility given the evidence." *United States v. Ramos–Garcia*, 184 F.3d 463, 465 (5th Cir. 1999).

First, Collins argues that the evidence offered at trial was insufficient to show that he acted in retaliation because there was no evidence that he knew the victim who accused him of a crime, no evidence to support he acted with retaliatory intent, and that the state used extraneous offense evidence that was inherently prejudicial. ECF No. 39 at 10-17.  In response, Respondent relies heavily on the COA's determination that there was sufficient evidence to support the jury's finding that Collins acted with retaliatory intent during the assault against the victim. ECF No. 19 at 24. Specifically, the State of Texas presented the following evidence at trial: (1) evidence of the telephone call to the police made by the victim, Lewis, identifying Collins as the robber; (2) that the police told Collins the witnesses identified him as the robber and asked if he knew Lewis; (3) that the assault happened after Collins attended the in-person interview; and (4) Lewis's testimony that moments before the assault he heard a male voice say either "you won't say nothing else" or "you won't do that again." ECF No. 12-3 at 5-6.

4

> The COA concluded:
>
> > The jury rationally could have seen that it was no coincidence [Collins] attacked Lewis after police interviewed him about the robbery. From Lewis's testimony, the jury was made aware that Lewis and [Collins] had spoken earlier on the day of the robbery. Police mentioned Lewis's name during their interview of [Collins]. And the jury rationally could have seen [Collins's] own remark just before his assault of Lewis to connect his action with Lewis's interactions with police. Contrary to [Collins's] argument, we find the evidence permitted the jury rationally to conclude [Collins] knew Lewis had identified him as the likely robber and that [Collins] assaulted Lewis as a result. And, the jury could have believed Lewis's testimony that he and [Collins] did not fight over a woman and disbelieved [Collins's] explanation of his assault. Viewed under the appropriate standard, the evidence is sufficient to support the element of retaliation.

*Collins,* 2017 WL 1632675, at *2-3.

Collins has failed to overcome the presumption that the trier of fact resolves all conflicting inferences suggested by the evidence in favor of the prosecution. From all of the evidence, a rational trier of fact could find that Collins acted in retaliation during the assault of Lewis. With Lewis's testimony that he and Collins spoke on the day of the robbery, the evidence that the police mentioned Lewis's name during their interview with Collins, Collins's own remark before the assault, and Lewis's testimony that he and Collins did not fight about a woman, the State presented sufficient evidence to support Collins's conviction.

Second, Collins argues that the evidence offered at trial was insufficient to support the jury's conclusion that his foot constituted a deadly weapon. ECF No. 39 at 18-25. In response, the Respondent relies heavily on the COA's findings that there was sufficient evidence to support the jury's finding that Collins used a deadly weapon during his assault of Lewis. ECF No. 19 at 24. Specifically, the State presented the following evidence at trial: (1) witness testimony; (2) medical evidence of the assault and the extent of the injuries; and (3) evidence of the lasting effects of the injuries. ECF No. 12-3 at 7-8.

The COA concluded:

> The jury had before it the testimony of witnesses as well as Lewis's medical records from his admission to the hospital. The evidence showed [Collins] knocked Lewis to the ground and kicked him three times, twice near his head. Witnesses saw Lewis in a "pool of blood" after the assault. Lewis lost consciousness and awoke at the hospital. He sustained a "2-cm laceration" on the back of the head that required staples to close. He also suffered injuries to his mouth. The records refer to his "right maxillary bone swelling," a "complete loss of dentures," and two loose incisor teeth "with blood inside the oral cavity."
>
> From the injuries, the jury rationally could have inferred [Collin's] foot, in the manner of its use, was capable of causing a protracted loss or impairment of at least one bodily member or organ…
>
> We note also Lewis spent five days in the hospital, some of it in the surgical intensive care unit, and required physical therapy. He used a walker for approximately a month after his release from the hospital. He still had a limp at the time of trial and his balance had deteriorated. He also suffered cognitive impairment and confusion that worsened over time.
>
> We conclude the evidence in the record and the rational inferences to be drawn from it supports a conclusion [Collins's] foot, as used against Lewis, was capable of causing him serious bodily injury. Considering all of the evidence in the requisite light, it is sufficient to support [Collins's] conviction.

*Collins,* 2017 WL 1632675, at *3-4.

As to his attack on the jury's finding regarding use of a deadly weapon, Collins likewise has failed to overcome the presumption that the trier of fact resolves all conflicting inferences suggested by the evidence in favor of the prosecution. Based upon all of the evidence presented at trial, a rational trier of fact could find that Collins used a deadly during his assault of Lewis. Lewis's medical records that detailed the severity of his injuries, the extent of his injuries, and the evidence of the manner of the assault, constitute sufficient evidence to support Collins's conviction.

Applying the *Jackson* standard to the record as a whole, the undersigned finds that a rational trier of fact could have found that the evidence presented in Collins's trial established that he acted in retaliation in his assault of Lewis and that he committed the essential elements of the offense of aggravated assault beyond a reasonable doubt. Furthermore, Collins has not shown that

the state court's determination was an unreasonable application of federal law or an unreasonable determination of the facts. Thus, habeas relief is not warranted on the grounds asserted by Collins.

## IV. CONCLUSION

Because Collins has not shown that he is entitled to habeas relief, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** his Amended Petition for Writ of Habeas Corpus. ECF No. 38.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SIGNED** September 30, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE